UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GUISEPPI IUDICI, | : : | |
| Plaintiff, | : : | Civil Action No. 12-3466 (JXN) (JBC) |
| v. | : : : | OPINION |
| JOSEPH F. CAMISA, JASON DEGROAT, MICHAEL F. PASCALE, JOHN HELD, and RYAN DOCKRAY | : : : | |
| Defendants. | : : : | |

**NEALS**, District Judge:

This matter comes before the Court on Defendants' (Joseph F. Camisa, Jason Degroat, Michael F. Pascale, John Held, and Ryan Dockray, collectively, "Defendants") motions *in limine* [ECF Nos. 80-84]. Plaintiff Guiseppi Iudici ("Plaintiff") opposed the motions [ECF Nos. 85-88, 90], and Defendants replied [ECF Nos. 89, 92]. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' first motion *in limine* to bar expert Dr. Patrick Ryan's September 27, 2013 report as to liability against Defendants [ECF No. 80] is **GRANTED-in-part** and **DENIED-in-part**; Defendants' second motion *in limine* to permit the use of demonstrative evidence and visual aids [ECF No. 81] is **DENIED without prejudice**; Defendants' third motion *in limine* to bar late discovery [ECF No. 82] is **GRANTED-in-part and RESERVED-in-part**; Defendants' fourth motion *in limine* to bar admission testimony [ECF No. 83] is **DENIED**; and Defendants' fifth motion *in limine* to bar admission of municipal court trial transcripts [ECF No. 84] is **GRANTED**.

I. **FACTUAL BACKGROUND**[1]

This case arises out of a February 17, 2011 incident, during Defendants' execution of an arrest warrant against Plaintiff for failing to pay child support. *See generally* Compl., ECF No. 1. Plaintiff alleges that Defendants forcibly entered his home and physically assaulted him, causing Plaintiff to sustain severe and permanent injuries. *Id.* ¶¶ 11-19, ECF No. 1. As a result, Plaintiff filed a Complaint asserting six causes of action for excessive force (Count 1), good name and reputation (Count 2), probable cause (Count 3), negligent training (Count 4), miscellaneous constitutional violations (Count 5), and violation of New Jersey Tort Claims Act (Count 6). *Id.* This Court granted summary judgment on four of those counts. *See* ECF No. 50. The remaining two claims, Counts 1 and 6, relate to Plaintiff's excessive force claims.

Now before the Court are five *in limine* motions filed by Defendants. First, Defendants seek to preclude Dr. Patrick Ryan's September 27, 2013 report as to liability against Defendants. *See* ECF No. 80. Second, Defendants move for permission to use demonstrative evidence and visual aids during the trial. *See* ECF No. 81. Third, Defendants seek to bar Plaintiff from presenting a photograph of Lisa Iudici wearing a Passaic County Sheriff's Department uniform at trial. *See* ECF No. 82. Fourth, Defendants seek to bar the admission testimony addressing Lisa Iudici's relationship with the Passaic County Sheriff's Department. *See* ECF No. 83. Finally, Defendants seek to bar the admission of any municipal court trial transcripts addressing Plaintiff's charges on a disorderly person complaint and resisting arrest. *See* ECF No. 84. Plaintiff opposes these motions, ECF Nos. 85-88, 90, to which Defendants have replied, ECF Nos. 89, 92. The Court addresses each motion in turn.

---

[1] For sake of clarity, when citing to the parties' submissions in connection with Defendants' motions *in limine*, the Court will cite to the page number listed in the ECF header.

## II. LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *United States v. Browne*, No. CR 20-965 (MAS), 2022 WL 1063953, at *1 (D.N.J. Apr. 8, 2022) (quoting *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). Federal trial courts often find it appropriate to rule on pre-trial *in limine* motions to exclude or admit certain evidence so that "the court can shield the jury from unfairly prejudicial or irrelevant evidence." *Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002). "The *in limine* motion then fosters efficiency for the court and for counsel by preventing needless argument at trial." *Id.* "Because a ruling on a motion *in limine* is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial." *United States v. Perez*, No. 09-1153, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 139 (2d Cir. 1996)).

## III. DISCUSSION

### A. First Motion *in Limine* - Defendants' motion to preclude Dr. Patrick Ryan's September 27, 2013 report as to liability against Defendants [ECF No. 80].

As best the Court can construe, Defendants move to preclude Dr. Patrick Ryan's September 27, 2013 report on the grounds that the report lacks the factual foundation to support the allegation that Defendants caused Plaintiff's injuries. ECF No. 80-1 at 2.[2] "Under the Federal Rules of Evidence, it is the role of the trial judge to act as a 'gatekeeper' to ensure that any and all expert testimony or evidence is not only relevant, but also reliable." *Kannankeril v. Terminix Int'l, Inc.*,

---

[2] The Court notes that Defendants' proposed order submitted with their first motion *in limine* seeks to bar Dr. Ryan from testifying at trial. *See* ECF No. 80-2. However, in their brief in support of the motion, Defendants seek to preclude Dr. Ryan's September 27, 2013 report as to liability against Defendants. *See* ECF No. 80-1 at 2 ("The report should be barred as to liability against the defendants.").

3

128 F.3d 802, 806 (3d Cir. 1997) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)).  To fulfill its role as gatekeeper, the court analyzes the admissibility of an expert's testimony pursuant to the following three requirements under Federal Rule of Evidence 702: "(1) the proffered witness must be an expert; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact." *Id.* (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741-42 (3d Cir. 1994)).

"Under New Jersey law, an 'expert's bare conclusions, unsupported by factual evidence' are an inadmissible 'net opinion.'" *W. Am. Ins. Co. v. Jersey Cent. Power & Light Co.*, No. 03-6161, 2008 WL 5244232, at *5 (D.N.J. Dec. 15, 2008) (quoting *Buckelew v. Grossbard*, 87 N.J. 512, 524 (1981)).  Under the net opinion rule, an expert's opinion "must be based on a proper factual foundation." *Dawson v. Bunker Hill Plaza Assocs.*, 289 N.J. Super. 309, 323 (App. Div. 1996).  An expert's "testimony should not be received if it appears the witness is not in possession of such facts as will enable him or her to express a reasonably accurate conclusion as distinguished from a mere guess or conjecture." *Id.* (quoting *Vuocolo v. Diamond Shamrock Chems. Co.*, 240 N.J. Super. 289, 299 (App. Div. 1990)).  In other words, "[t]he net opinion rule requires the expert to give the 'why and wherefore' of the opinion, rather than a mere conclusion." *Curtis v. Besam Grp.*, No. 05-2807, 2007 WL 3232589, at *7 (D.N.J. Oct. 31, 2007).

"[T]he 'net opinion' rule is neither an evidentiary rule under the Federal Rules of Evidence nor [an explicit] factor in the *Daubert* analysis." *Holman Enter. v. Fidelity & Guar. Ins. Co.*, 563 F.Supp. 2d 467, 472 n.12 (D.N.J. 2008).  However, some courts in this district analyze net opinion arguments under *Daubert's* "fit" requirement.  *See Jersey Cent. Power & Light*, No. 03-6161, 2008 WL 5244232, at *5 (D.N.J. Dec. 15, 2008).  Other courts do not directly analyze net opinions under *Daubert*, but nonetheless view the issue as whether the expert's opinion is of "assistance to

4

the trier of fact" and sufficient to establish causation. *May v. Atl. City Hilton*, 128 F. Supp. 2d 195, 198 (D.N.J. 2000) (quoting *Stanley Co. of Am. v. Hercules Powder Co.*, 16 N.J. 295, 309 (1954)). Thus, regardless if courts frame the issue as falling under *Daubert's* third prong or as an independent net opinion analysis, the inquiry remains the same—whether the expert's opinion will assist the trier of fact.

Defendants contend that Dr. Ryan's report should be barred as to liability against Defendants because it lacks the appropriate factual foundation and constitutes a net opinion. ECF No. 80-1 at 2. In support of their contention, Defendants note that Dr. Ryan's report omits any evidence that Plaintiff's injuries were caused by Defendants and the report has several inconsistencies in the records submitted with it. ECF No. 80-1 at 2-4. In response, Plaintiff contends that Dr. Ryan's report is not a net opinion because Dr. Ryan conducted a full examination of Plaintiff's injuries, and his opinion is "supported by the version given by plaintiff and the dental observations he made during his examination." ECF No. 87-1 at 3.

Here, the Court finds that Dr. Ryan's conclusion that Plaintiff injuries are consistent with an assault are based upon his observations of Plaintiff during his examination and therefore is not a net opinion. In the report, Dr. Ryan notes that he examined Mr. Iudici in his office on February 18, 2011, and that Mr. Iudici's chief complaint was that he was "assaulted by multiple police officers and sustained injuries to the head and neck region." ECF No. 80-1 at 6. Dr. Ryan further notes that his examination showed that Mr. Iudici had multiple bruises in the head and neck region, injuries to his lip, and that tooth number 19 was "grossly mobile[.]" *Id.* Based upon his examination of Plaintiff, Dr. Ryan concluded that Plaintiff's "multiple facial injuries [are] consistent with an assault on or about the face with one tooth partially subluxated which has to be

5

extracted." *Id.* Dr. Ryan's conclusion, which does not identify any perpetrator of the alleged assault, is supported by the findings and facts noted in his report.

Notwithstanding the above, Defendants contend that there are several inconsistencies in records submitted with Dr. Ryan's report. Specifically, Defendants note that there is no billing for extraction of tooth 19 or for radiology on or around February 19, 2011, and that Dr. Ryan's billing history shows that Plaintiff appeared in his office on February 19, 2011, but the report states that he was seen on February 18, 2011. ECF No. 89 at 1-2. As noted above, Dr. Ryan's conclusion that Plaintiff's "multiple facial injuries [are] consistent with an assault on or about the face" is supported by the findings and facts noted in his report. ECF No. 80-1 at 6. Any inconsistencies or concerns Defendants may have in the records that were submitted with the report can be addressed by Defendants on cross examination but will not impact the admissibility of Dr. Ryan's testimony.

In their reply, Defendants contend that Dr. Ryan may testify as a treating physician but may not offer any expert opinions regarding causation or prognosis. ECF No. 89 at 2. In their moving brief, Defendants specifically ask the Court to preclude Dr. Ryan's report as to liability against Defendants because the report "does not contain any factual foundation which would support an allegation that the defendants are liable for the damage at issue in this litigation[.]" ECF No. 80-1 at 2. Other than noting that Plaintiff complained that he was assaulted by multiple police officers, nothing in Dr. Ryan's report identified Defendants as the cause of Plaintiff's alleged injuries. Thus, nothing in the record suggests that Dr. Ryan will offer any testimony that Defendants caused Plaintiff's injuries. Nevertheless, the Court does agree that the report lacks any factual foundation that Defendants are responsible for Plaintiff's injuries. Accordingly, Defendants' motion to preclude Dr. Ryan's September 27, 2013 report and limit his testimony is

6

**GRANTED-in-part** and **DENIED-in-part**. Dr. Ryan's report is admissible, and Dr. Ryan may testify as a medical expert. Dr. Ryan, however, is precluded from testifying about who caused Plaintiff's injuries. The Court notes that this decision does not preclude Defendants' from raising any objections to testimony that may go beyond the four corners of Dr. Ryan's report, and his scientific, technical, or specialized knowledge.

### B. Second Motion *in Limine* - Defendants' motion to permit the use of demonstrative evidence and visual aids during the trial [ECF No. 81].

Defendants move for permission to use demonstrative evidence and visual aids during trial. ECF No. 81-1 at 2. Without specifically identifying what demonstrative evidence they will use, Defendants generally state that "[t]he proffered demonstrative evidence may be photographs, diagrams, and/or other aids which will be helpful in explaining the controversy to the jury." *Id.* at 4. Defendants claim that the "materials presented will be supported by trial evidence, previously put forth at trial." *Id.* Plaintiff opposes Defendants' motion, arguing that Defendants have not returned counsel's telephone messages and have not identified what demonstrative evidence Defendants seek to introduce. ECF No. 88 at 2.

Rule 611 provides that the Court "should exercise reasonable control over the mode and order of . . . presenting evidence so as to: (1) make those procedures effective for determining the truth; [and] (2) avoid wasting time . . . ." Fed. R. Evid. 611. The Third Circuit has declared rulings on the admissibility of demonstrative evidence to be within the discretion of the district court. *See United States v. Rockwell*, 781 F.2d 985, 986 n.3 (3d Cir. 1986) ("When one seeks admission of 'demonstrative evidence,' the trial judge has at least as much latitude as exists when ruling on other questions of admissibility."). Courts permit the use of demonstrative evidence when it will be helpful to the jury. *See Hook v. Whiting Door Mfg. Corp.*, No. CV 3:15-281, 2019 WL 7563197, at *2 (W.D. Pa. Aug. 28, 2019).

Here, the Court cannot determine whether the demonstrative evidence Defendants seek to introduce will be helpful to the jury because Defendants have not identified what the evidence is. Accordingly, Defendants' motion for permission to use demonstrative evidence and visual aids during trial is **DENIED without prejudice**. Should Defendants wish to renew their request, Defendants must identify and/or provide Plaintiff with a copy of all demonstrative evidence they wish to use during trial at least fourteen (14) days prior to the in-person conference scheduled for December 7, 2022. If Plaintiff objects to any of Defendants' demonstrative evidence, its objections are due seven (7) days prior to the same conference. The court will review Defendants' demonstrative evidence and Plaintiff's objections and enter a ruling soon thereafter.

C. **Third Motion *in Limine* - Defendants' motion to bar the admission of any discovery provided by Plaintiff, including the photograph of Lisa Iudici wearing a Passaic County Sheriff's Department uniform, following the filing of the Final Pretrial Order on October 24, 2019 [ECF No. 82].**

Defendants move to have Plaintiff barred from presenting the photograph of Lisa Iudici wearing a Passaic County Sheriff's Department uniform at trial, among other discovery produced after October 24, 2019. ECF No. 82-1 at 2. Defendants contend that the photograph was submitted by Plaintiff as an amendment to an Answer for Interrogatories, without justification, after the close of discovery and almost two years after the filing of the Final Pretrial Order in this matter. *Id.* Defendants further contend that the photograph is irrelevant because it will not help determine whether Defendants' use of force was objectively reasonable. *Id.* Therefore, Defendants argue that the photograph is not admissible pursuant to Fed. R. Evid. 402. In response, Plaintiff contends that the picture of Ms. Iudici in uniform did not exist on her Facebook page at the time of the pretrial order and the photograph qualifies as newly discovered evidence. ECF No. 86-1.

Under Rule 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Here, a picture of Ms.

8

Iudici in a Passaic County Sheriff's Department uniform, does not address the issue at hand – whether Defendants assaulted and/or used excessive force in executing the arrest warrant against Plaintiff.[3] In his opposition, Plaintiff does not explain how the photograph will help determine whether Defendants assaulted or used excessive force against Plaintiff or why it is relevant to any of the remaining claims in this litigation. Thus, the Court finds that this photograph is not relevant. Accordingly, Defendants' motion to bar the admission of any discovery provided by Plaintiff, including the photograph of Lisa Iudici wearing a Passaic County Sheriff's Department uniform, following the filing of the Final Pretrial Order on October 24, 2019 is **GRANTED-in-part** and **RESERVED-in-part**. Plaintiff is precluded from presenting the photograph of Ms. Iudici wearing a Passaic County Sheriff's Department uniform at trial. Defendants' request to bar all discovery produced after October 24, 2019, is too vague. The Court will not prohibit such evidence without Defendants identifying specifically which evidence should be barred. Accordingly, the Court reserves its decision on this issue and Defendants may raise any objections to such evidence during trial.

> **D. Fourth Motion *in Limine* - Defendants' motion to bar the admission testimony addressing Lisa Iudici's relationship with the Passaic County Sheriff's Department [ECF No. 83].**

Defendants move to bar any reference to Lisa Iudici as an employee of the Passaic County Sheriff's Department and or friend/acquaintance of any of the Defendants as well as any insinuations that Defendants were motivated by said relationship in connection with Plaintiff's arrest. ECF No. 83-1 at 2. In support of their motion, Defendants argue that Ms. Iudici was never employed by the Passaic County Sherriff's Department and any mention of her as an employee or volunteer at the department is irrelevant and therefore not admissible. *Id.* at 2-4. In response,

---

[3] The Court notes that the remaining causes of actions against Defendants are excessive force (Count 1), and violation of New Jersey Tort Claims Act (Count 6). *See* ECF No. 50.

9

Plaintiff claims that Defendants are charged with "Intentional Assault and Malicious Prosecution on the Resisting Arrest charge besides the Civil Rights Violation" and "[m]otive is always relevant in such claims." ECF No. 85-1 at 6. Plaintiff contends that the existence of the alleged relationship between Ms. Iudici and the Defendants is also relevant for the jury to consider the credibility of the Defendants in this matter. *Id.*

As an initial matter, following the Court's June 2018 Order [ECF No. 50], the only two remaining causes of action in this case are excessive force in violation of 42 U.S.C. § 1983 (Count One) and violation of New Jersey Tort Claims Act (Count Two). *See* ECF No. 49, 50. In determining Fourth Amendment excessive force claims, the Court does not consider the Defendants' motivation or intent. In fact, in *Graham v. Connor*, the Supreme Court noted that the issue in Fourth Amendment excessive force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, **without regard to their underlying intent or motivation**." *See Graham v. Connor*, 490 U.S. 386, 397 (1989) (citing *Scott v. United States*, 436 U.S. 128, 137–139 (1978) (emphasis added). Factors a court may consider when determining reasonableness include "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, . . . whether [the suspect] actively . . . resist[ed] arrest or attempt[ed] to evade arrest by flight[,] . . . the duration of the action, whether the action [took] place in the context of effecting an arrest, [and] the possibility that the suspect [was] armed." *McClure v. City of Harrisburg*, No. 1:14-CV-0958, 2014 WL 4828869, at *7 (M.D. Pa. Sept. 29, 2014) (citing *Graham*, 490 U.S. at 396). The Court does not consider the officer's motivation or intent. *See Graham*, 490 U.S. at 397 ("An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.").

10

Conversely, Plaintiff's claim for assault and battery in violation of the New Jersey Tort Claims Act does require Plaintiff to demonstrate Defendants' intent.[4] Under New Jersey law, "[a] person may be liable for battery if 'he acts ***intending*** to cause a harmful or offensive contact . . . or an imminent apprehension of such contact' and a 'harmful' or 'offensive' contact 'directly or indirectly results.'" *Giovine v. Giovine*, 284 N.J. Super. 3, 34 (App. Div. 1995) (citations omitted) (emphasis added), *overruled on other grounds, Brennan v. Orban*, 145 N.J. 282 (1996). "A person who acts with the same intent may be liable for assault even if no contact actually results if the victim is placed in 'imminent apprehension' of a harmful or offensive contact." *Id.*

As noted above, under Rule 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). In the present case, Plaintiff seeks to reference information concerning Ms. Iudici's relationship with the Passaic County Sheriff's Department and Defendants to explain the basis of the confrontation between Plaintiff and Defendants and Defendants' intentional conduct. ECF No. 85-1 at 6. This information may be essential in establishing whether Defendants "intended" to cause a harmful or offensive contact. Thus, the Court will not preclude Plaintiff from making any references to Ms. Iudici connections to Passaic County Sheriff's Department or her role in Plaintiff's arrest. Accordingly, Defendants' fourth motion *in limine* to bar the admission testimony addressing Ms. Iudici's relationship with the Passaic County Sheriff's Department is **DENIED**.

---

[4] As noted in the Court's Opinion [ECF No. 49], Plaintiff's Complaint states that the cause of action being alleged is for "intentionally, recklessly and negligently str[iking] and injur[ing] the Plaintiff." Thus, the Court assumes the claim Plaintiff has alleged is one for assault and battery, which is consistent with the Notice of Claim for Damages Against the County of Passaic that states that "Passaic County Sheriff's officers executing child support warrant assaulted claimant . . ." *See* ECF No. 49 (citing ECF No. 45-1 at 3).

E. **Fifth Motion *in Limine* - Defendants' motion to bar the admission of any municipal court trial transcripts addressing Plaintiff's charges on a disorderly person complaint and resisting arrest [ECF No. 84].**

Defendants contend that Plaintiff seeks to enter municipal court transcripts to attack the Defendants' credibility. ECF No. 84-1 at 2. Defendants argue that any transcripts addressing Plaintiff's charges on the disorderly person and resisting arrest complaint is inadmissible pursuant to the Federal Rules of Evidence. *Id.*[5] Defendants further argue that admitting transcripts from Plaintiff's municipal court trial and subsequent appeal would cause "unfair and unwarranted prejudice" to Defendants. ECF No. 92 at 2. Defendants note that the issue addressed in the municipal court proceedings was whether Plaintiff resisted arrest or was disorderly, which is unrelated to the present issue before the Court—whether Defendants used excessive force in effectuating arrest. *Id.* In response, Plaintiff claims the transcripts of the municipal court proceeding are highly relevant and will be offered to affect the credibility of the Defendants. ECF No. 90-1.

As a general matter, the transcript of the municipal court proceedings addressing Plaintiff's charges on the disorderly person and resisting arrest complaint has no relevance to the issue in this case. Simply put, the issue which will be before the jury is whether Defendants used excessive force in effectuating arrest, not whether Plaintiff resisted arrest or was disorderly. Under Rule 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). The transcript of the municipal court proceedings, which addressed issues wholly unrelated to the issue to be presented to the jury, are not relevant and will not be admitted into evidence at trial. Accordingly, Defendants' motion to bar the

---

[5] Defendants cite Federal Rules of Evidence 402, 404 and 608.

admission of any municipal court trial transcripts addressing Plaintiff's charges on a disorderly person complaint and resisting arrest is **GRANTED**.[6]

## IV. CONCLUSION

For the foregoing reasons, Defendants' first motion *in limine* to preclude Dr. Patrick Ryan's September 27, 2013 report as to liability against Defendants [ECF No. 80] is **GRANTED-in-part** and **DENIED-in-part**; Defendants' second motion *in limine* to permit the use of demonstrative evidence and visual aids during the trial [ECF No. 81] is **DENIED without prejudice**; Defendants' third motion *in limine* to bar the admission of any discovery provided by Plaintiff, including the photograph of Lisa Iudici wearing a Passaic County Sheriff's Department uniform, following the filing of the Final Pretrial Order on October 24, 2019 [ECF No. 82] is **GRANTED-in-part and RESERVED-in-part**; Defendants' fourth motion *in limine* to bar the admission testimony addressing Lisa Iudici's relationship with the Passaic County Sheriff's Department [ECF No. 83] is **DENIED**; and Defendants' fifth motion *in limine* to bar the admission of any municipal court trial transcripts addressing Plaintiff's charges on a disorderly person complaint and resisting arrest [ECF No. 84] is **GRANTED**. An appropriate Order accompanies this Opinion.

DATED: September 1, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[6] In rendering this decision, it is important to note that Plaintiff cites no case law to support his position that the municipal court transcripts are admissible. Plaintiff simply identifies Federal Rules of Evidence 402, 404, and 608, but does not explain how any of those rules render the municipal court transcripts admissible evidence. This Opinion does not address the use of prior testimony for impeachment purposes as that issue was not specifically raised by any party.